UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

                    Plaintiff,

v.                                    Case No. 8:12-cv-1651-T-33TGW

CARIBE SUN SHIPPING, INC., In
personam, ATLANTIC CARIBBEAN
LINE, INC., In personam, THE M/V
CARIBE SUN, her boats, engines,
tackle, apparel, furniture,
equipment, appurtenances, and
all other necessaries thereunto
appertaining and belonging to
the vessel, In rem,

                    Defendants.
_____/

## ORDER

    This cause is before the Court pursuant to Plaintiff's
Motion for Default Judgment (Doc. # 19), which was filed on
September 25, 2012.  By its motion, For the reasons that
follow, the Court grants the Motion.

## I.  Background

    On July 24, 2012, Plaintiff International Ship Repair &
Marine Services, Inc. filed its verified complaint alleging an
admiralty and maritime claim against Defendant M/V Caribe Sun
in rem and against Defendants Caribe Sun Shipping, Inc. and
Atlantic Caribbean Line, Inc. in personam, arising out of

1

Caribe Sun Shipping and Atlantic Caribbean Line's alleged failure to pay Plaintiff for repairs and other services performed by Plaintiff to the M/V Caribe Sun.   (Doc. # 1). Plaintiff alleges that an amount in excess of $807,440.26 remains due and owing.  Id. at ¶ 10.

Plaintiff effected service of process on Atlantic Caribbean Line, Inc. on August 13, 2012. (Doc. # 15). Atlantic Caribbean Line has not filed a responsive pleading or otherwise defended this action.  On July 25, 2012, the Court granted Plaintiff's motion for the issuance of a warrant for arrest in rem of the vessel, M/V Caribe Sun. (Doc. # 7).  On July 26, 2012, a warrant for arrest in rem was issued for the vessel directing the U.S. Marshal to take custody of the vessel and to retain custody of the vessel pending further order of Court. (Doc. # 8).  The U.S. Marshal executed the warrant for arrest in rem on July 27, 2012.  (Doc. # 9).

Pursuant to Local Admiralty Rule 7.03(f), anyone claiming an interest in the vessel was required to file a claim within ten days after process was executed and was required to file an answer within twenty-one days after filing a claim. Plaintiff, pursuant to Local Admiralty Rule 7.03(h), provided notice of the action and arrest as follows:

(A)  by service of process on the party having custody

2

of the vessel, Atlantic Caribbean Line, Inc., on
August 13, 2012 (Doc. # 15);

(B)   by publication in the Tampa Tribune on August 15,
2012 (Doc. # 13-1);

(C)   by certified mail, return receipt requested, on
Dean King, Atlantic Caribbean Line representative,
who received notice on August 22, 2012 (Doc. # 16-
5); and

(D)   by certified mail, return receipt requested, on
John Beale, Atlantic Caribbean Line Operations
Manager, who received notice on August 22, 2012.
(Doc. # 16-6).

No claims were filed within the time frame set by Local
Admiralty Rule 7.03(f), and the Clerk of the Court entered a
Clerk's default against Atlantic Caribbean Line, Inc. and M/V
Caribe Sun on September 11, 2012. (Doc. ## 17, 18).

As Defendants have failed to file an answer to the
complaint, or any other document evidencing intent to defend
in this action, the Court finds it appropriate to enter
default judgment. Well-pleaded factual allegations are
established by default. Nishimatsu Constr. Co. v. Houston
Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also
Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

Accordingly, the Court finds that Plaintiff is entitled to a final default judgment in the amount of $807,440.26 against in rem Defendant M/V Caribe Sun, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the vessel, and against in personam Defendant Atlantic Caribbean Line, Inc.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff International Ship Repair & Marine Services, Inc.'s Motion for Default Judgment (Doc. # 19) is **GRANTED.**

(2) Defendants M/V Caribe Sun and Atlantic Caribbean Line, Inc. are in default, and the factual allegations in the verified complaint (Doc. # 1) are deemed admitted.

(3) The Clerk is directed to enter Judgment in favor of Plaintiff in the amount of $807,440.26.

(4) The Court shall retain jurisdiction to consider any motions for judicial sale of the vessel.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies: All Parties and Counsel of Record