UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                                Case No. 8:12-cv-1651-T-33TGW

CARIBE SUN SHIPPING, INC., *In personam*,
ATLANTIC CARIBBEAN LINE, INC., *In personam*,
The M/V CARIBE SUN, her boats, engines, tackle,
apparel, furniture, equipment, appurtenances,
and all other necessaries thereunto appertaining
and belonging to the vessel, *In rem*,

    Defendants.
_____/

**ORDER**

    This cause is before the Court on Plaintiff International Ship Repair & Marine Services, Inc.'s (ISR) Motion for Approval of Custodia Legis Expenses (Doc. # 24), which was filed on December 3, 2012. For the reasons that follow, the Court grants the motion.

**I.   Background and Procedural History**

    On July 24, 2012, ISR filed a Verified Complaint In Rem based on the failure of Defendant Atlantic Caribbean Line, Inc. (ACL) to pay for ship repairs and services that ISR provided to The M/V Caribe Sun (the "Vessel") pursuant

to an agreement between ISR and ACL. (Doc. # 1). ISR's Verified Complaint In Rem alleged that an amount of $807,440.26 is due and owing for those repairs and services performed by ISR to the Vessel at the direction of ACL. (Doc. # 1 at ¶ 10).

The arrest of the Vessel, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the vessel, occurred on July 27, 2012. (Doc. ## 8, 9, 10). No verified statement of right or interest in the Vessel was filed within fourteen days of the August 15, 2012, public notice of this action and the arrest of the Vessel. See Supplemental Rule C(6). (Doc. ## 10, 13). Despite being served with the summons and Verified Complaint In Rem on August 13, 2012, ACL failed to plead or otherwise defend. (Doc. # 15).

Prior to the arrest of the Vessel, ISR filed a motion for appointment as the substitute custodian of the Vessel. (Doc. # 3). In its motion to be appointed as the substitute custodian, ISR agreed to provide security, wharfage, and routine services for the safekeeping of the Vessel until further Order of this Court, and ISR requested custodia legis expenses in the amount of $1,000 per day. (Doc. # 3

2

at ¶ 4; Doc. # 3-1 at ¶¶ 1-2). On July 26, 2012, this Court granted ISR's motion for appointment as the substitute custodian and appointed ISR as the substitute custodian of the Vessel. (Doc. # 7). ISR has been incurring custodia legis expenses since the Vessel was arrested and ISR became the substitute custodian. (Doc ## 7, 8).

On September 11, 2012, the Clerk entered defaults against the Vessel and against ACL. (Doc. ## 17, 18). On November 20, 2012, the Court granted ISR's motion for a default judgment against the Vessel and against ACL. (Doc. # 20). On November 21, 2012, the Court entered a default judgment against the Vessel and against ACL and in favor of ISR in the amount of $807,440.26. (Doc. # 21).

Pursuant to 28 U.S.C. § 1921 and Local Admiralty Rule 7.05(l)(2), ISR requested that the Court award ISR its custodia legis expenses incurred in connection with the custody of the Vessel. (Doc. # 24). Plaintiff seeks an award of custodia legis expenses in the amount of $134,878 through December 3, 2012, plus custodial fees of $1,000 a day after December 3, 2012. (Doc. # 24 at 3, ¶¶ 6-8).

**II. Analysis**

    **A. Legal Standard**

3

Pursuant to 28 U.S.C. § 1921 and Local Admiralty Rule 7.05(l)(2), a substitute custodian is entitled to an award of its custodial fees. See 28 U.S.C. § 1921(a)(1)(E) ("The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following: . . . . The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving."); Turner v. Neptune Towing & Recovery, Inc., No. 8:09-CV-1071-T-27AEP, 2011 WL 4542265, at *10 (M.D. Fla. Sept. 23, 2011) (stating that a substitute custodian is entitled to recover its reasonable expenses) (citing Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration, 668 F.2d 811, 816 (5th Cir. 1982); Mullane v. Chambers, 438 F.3d 132, 138-39 (1st Cir. 2006); M.D. Fla. Local Rule 7.05(l)(2)).

### B. Amount of ISR's Custodia Legis Expenses

Through December 31, 2012, ISR's custodia legis expenses total $162,878, and are calculated as follows:

4

| **Time Period** | **Amount of Custodia Legis Expenses** | **Supporting Documentation** |
|---|---|---|
| July 26, 2012 - September 17, 2012 | $57,878 | Doc. # 24-1[1] |
| September 18, 2012 - November 9, 2012 | $53,000 | Doc. # 24-2 |
| November 10, 2012 - December 3, 2012 | $24,000 | Doc. # 24-2 ($1,000 per day after November 9, 2012) |
| December 4, 2012 - December 31, 2012 | $28,000 | Doc. # 24-2 ($1,000 per day after November 9, 2012) |
| **TOTAL:** | **$162,878** | |

ISR will continue to incur custodia legis expenses of $1,000 a day after December 31, 2012, until the Vessel is sold. (Doc. # 24 at 3).

### III. Conclusion

Therefore, the Court awards ISR its custodia legis expenses of $162,878.

Accordingly, it is hereby:

**ORDERED, ADJUDGED** and **DECREED:**

(1) The Court **GRANTS** Plaintiff International Ship Repair & Marine Services, Inc.'s Motion for Approval of

---

[1] The $2,500.00 arrest warrant fee imposed by the U.S. Marshal (which is included in the invoice contained in Exhibit 1) is not included in ISR's request for approval of custodia legis expenses, as that $2,500 fee was already included in ISR's Bill of Costs as a taxable cost.

Custodia Legis Expenses (Doc. # 24) by awarding ISR $162,878 in custodia legis expenses.

(2) ISR may separately file a motion for approval of additional custodia legis expenses that ISR incurs after December 31, 2012.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record