UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                              Case No. 8:12-cv-1651-T-33TGW

CARIBE SUN SHIPPING, INC., *In personam*,
ATLANTIC CARIBBEAN LINE, INC., *In personam*,
The M/V CARIBE SUN, her boats, engines, tackle,
apparel, furniture, equipment, appurtenances,
and all other necessaries thereunto appertaining
and belonging to the vessel, *In rem*,

    Defendants.
_____/

**ORDER**

This cause is before the Court on Plaintiff International Ship Repair & Marine Services, Inc.'s (ISR) Motion for Attorneys' Fees (Doc. # 26), which was filed on December 4, 2012. For the reasons that follow, the Court grants the motion.

**I.   Background and Procedural History**

On July 24, 2012, ISR filed a Verified Complaint In Rem based on the failure of Defendant Atlantic Caribbean Line, Inc. (ACL) to pay for ship repairs and services that ISR provided to The M/V Caribe Sun (the "Vessel") pursuant

to an agreement between ISR and ACL. (Doc. # 1). ISR's Verified Complaint In Rem alleged that an amount of $807,440.26 is due and owing for those repairs and services performed by ISR to the Vessel at the direction of ACL. (Doc. # 1, ¶ 10).

The arrest of the Vessel, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the vessel, occurred on July 27, 2012. (Doc. ## 8, 10). No verified statement of right or interest in the Vessel was filed within fourteen days of the August 15, 2012 public notice of this action and the arrest of the Vessel. See Supplemental Rule C(6).  (Doc. ## 10, 13). Despite being served with the summons and Verified Complaint In Rem on August 13, 2012, (Doc. # 15), ACL failed to plead or otherwise defend.

On September 11, 2012, the Clerk entered defaults against the Vessel and against ACL. (Doc. ## 17, 18). On November 20, 2012, the Court granted ISR's motion for a default judgment against the Vessel and against ACL. (Doc. # 20). On November 21, 2012, the Court entered a default judgment against the Vessel and against ACL and in favor of ISR in the amount of $807,440.26. (Doc. # 21).

**II. Analysis**

    **A.   The Timekeepers**

ISR retained the Quarles & Brady LLP law firm to represent it in this matter. ISR states that Quarles billed ISR at reduced rates for this matter, rather than at Quarles' current hourly rates, because ISR is a long-term client of a Quarles partner. (Doc. # 26-1, ¶¶ 2, 4-6). ISR seeks legal fees for the fees ISR incurred from the Quarles firm from July 16, 2012, through November 27, 2012, as follows:

| Attorney | Hours | Reduced Rate | Firm Rates | Value at Reduced Rate |
|---|---|---|---|---|
| Parrish, Paul | 27.8 | $325 | $505-515 | $9,035.00 |
| Edson, Kelli | 14.2 | $325 | $355-360 | $4,615.00 |
| Saxe, Lindsay | .5 | $235 | $235 | $117.50 |
| | | | | |
| **Total** | 42.5 | | | $13,767.50 |

(Id. at ¶¶ 4-6). ISR incurred fees in the amount of $13,767.50 for work completed by Quarles at the reduced hourly rates. (Id. at ¶ 6). At Quarles' firm rates, which ISR claims are the standard hourly rates charged for the attorneys who worked on this matter, the total value of this work would have been $19,298.19. (Id.).

3

At this juncture, ISR seeks an award of attorneys' fees in the amount of $13,767.50 for the attorneys' fees it has incurred through November 27, 2012. (Doc. # 26 at 1). The Court notes that the amount of attorneys' fees is uncontested.

### B. Legal Standard

The parties' agreement provides: "In the event it is necessary for INTERNATIONAL to engage the services of an attorney to collect sums owed for any work, labor, materials or service supplied by INTERNATIONAL, the vessel, its owner, and other parties responsible for the payment of INTERNATIONAL's charges agree to pay all costs of collection, including a reasonable attorney fee." (Doc. # 1-3 at ¶ 7). This attorney's fee provision is enforceable under Florida law. See, e.g., Estate of Hampton v. Fairchild-Florida Constr. Co., 341 So. 2d 759, 761 (Fla. 1976).

The factors to be considered when determining what hours and rates are reasonable for a particular case are:
1. The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

4

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.

5. The time limitations imposed by the client or the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation and ability of the lawyer or lawyers performing the services.

8. Whether the fee is contingent.

See Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); R. Reg. Fla. Bar 4-1.5(b).

**C.   Reasonableness of Amount of Attorneys' Fees and Hourly Rates**

The Court has analyzed each of the eight factors to be considered when determining whether the hours and rates are reasonable.

> **1.   The time and labor required, the novelty and difficulty of the question involved, and the**

> **skill requisite to perform the legal service properly.**

The time and labor expended by Quarles are set forth in Quarles' detailed time records. (Doc. # 26-1, Ex. A). ISR's attorney's fees expert, Mr. Andreu, has attested to the reasonableness of the expenditure of the time and labor set forth in Quarles' detailed time records. (Doc. # 26-2 at ¶ 6). Mr. Andreu states that the amount of attorneys' fees requested by ISR of $13,767.50 is a reasonable amount for the work performed by counsel for ISR. (Doc. # 26-2 at ¶ 6).

> **2.  If apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.**

This factor is inapplicable to this case.

> **3.  The fee customarily charged in the locality for similar legal services.**

According to ISR, the lead attorneys involved in this case were billed to ISR at a reduced rate based upon a Quarles partner's long-term relationship with ISR. (Doc. ## 26-1 at ¶¶ 2, 4-6). Specifically, ISR maintains that Ms. Edson and Mr. Parrish were billed at $325 instead of their standard firm rates during the course of this matter, which

6

were $355 to $360 for Ms. Edson and $505 to $515 for Mr. Parrish. (Doc. # 26-1 at ¶¶ 4-5). These discounts were given to ISR based on Mr. Parrish's more than twenty-year relationship with ISR. (Doc. # 26 at 5; Doc. # 26-1 at ¶ 2). ISR states that the fees charged to ISR in this case are less than prevailing market rates for the services rendered in this litigation. (Doc. # 26-2, ¶ 6).

### 4. **The amount involved and the results obtained.**

The amount in controversy in this case exceeded $800,000, and ISR obtained a default judgment for all of its damages. (Doc. ## 1, 21).

### 5. **The time limitation proposed by the client or the circumstances.**

Obtaining a quick resolution was important in this case, as the Vessel is sitting idle and unused, and its value is diminishing while it is under arrest. (Doc. # 26 at 4). This matter was filed on July 24, 2012, and default judgments were obtained by November 21, 2012. (Doc. ## 1, 21).

      **6.    The nature in length of the professional relationship with the client.**

Mr. Parrish has represented ISR in various matters for approximately twenty years, and Ms. Edson has represented ISR in several matters for approximately five years. (Doc. # 26 at 5). As noted above, ISR states that this relationship resulted in ISR's lead counsel being billed at a discounted rate below the prevailing market rate for their services. (Doc. # 26-1 at ¶ 2, 4-6; Doc. # 26-2 at ¶ 6).

      **7.    The experienced reputation and ability of lawyer or lawyers performing the services.**

Kelli Edson is an attorney with over fourteen years of litigation experience. (Doc. # 26-1, Ex. B). Mr. Parrish has handled many admiralty cases and is an attorney with twenty eight years of litigation experience. (<u>Id.</u>). Mr. Parrish maintains an AV rating with Martindale-Hubble. (<u>Id.</u>).

      **8.    Whether the fee is contingent.**

This factor is inapplicable to this case.

**III. <u>Conclusion</u>**

The Court finds no reason to alter rates agreed to by ISR or to second guess hours worked when the issue is not

disputed. Therefore, upon due consideration, the Court determines that the requested attorneys' fees of $13,676.50 are appropriate.

Accordingly, it is hereby:

**ORDERED, ADJUDGED** and **DECREED:**

The Court **GRANTS** Plaintiff International Ship Repair & Marine Services, Inc.'s Motion for Attorneys' Fees (Doc. # 26) by awarding Plaintiff $13,676.50 in attorneys' fees.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Parties and Counsel of Record