UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                                Case No.  8:12-cv-1651-T-33TGW

CARIBE SUN SHIPPING, INC.,
*In personam*; ATLANTIC CARIBBEAN
LINE, INC., *In personam*; THE
M/V CARIBE SUN, her boats, engines,
tackle, apparel, furniture, equipment,
appurtenances, and all other
necessaries thereunto appertaining
and belonging to the vessel, *In rem*;

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff International Ship Repair & Marine Services, Inc.'s Motion to Allow Sale of The M/V Caribe Sun to the Second Highest Bidder (Doc. # 33), which was filed on February 18, 2013. For the reasons that follow, the Court grants the Motion.

**Discussion**

On July 24, 2012, International Ship filed a Verified Complaint In Rem based on the failure of Defendant Atlantic Caribbean Line, Inc. to pay for ship repairs and services

that International Ship provided to The M/V Caribe Sun (the "Vessel") pursuant to an agreement between International Ship and Atlantic Caribbean. (Doc. # 1). International Ship alleged that an amount of $807,440.26 was due and owing for repairs and services performed by International Ship to the Vessel. (Id. at 10).

The arrest of the Vessel, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the Vessel, occurred on July 27, 2012. (Doc. ## 8-10). No verified statement of right or interest in the Vessel was filed within fourteen days of the August 15, 2012, public notice of this case and of the arrest of the Vessel. See Supplemental Rule C(6), Fed. R. Civ. Pro. (Doc. ## 10, 13). Despite being served with the summons and Verified Complaint In Rem on August 13, 2012, Atlantic Caribbean failed to plead or otherwise defend this action. (Doc. # 15).

Consequently, on September 11, 2012, the Clerk entered defaults against Atlantic Caribbean and the Vessel. (Doc. ## 17, 18). On November 20, 2012, the Court granted International Ship's motion for default judgment (Doc. # 20), and default judgment was entered on November 21, 2012,

against Atlantic Caribbean and the Vessel in favor of International Ship in the amount of $807,440.26 (Doc. # 21).

On December 3, 2012, International Ship filed a Motion for Sale and for Permission to Bid, requesting that the Court enter an order directing the U.S. Marshal to conduct a sale of the Vessel, pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule 7.05(q)-(r). (Doc. # 23). The Court granted the Motion for Sale on January 2, 2013. (Doc. # 31).

The U.S. Marshal conducted an auction of the Vessel on February 14, 2013. (Doc. # 33 at 1). Ed Taylor of Taylor COD was the highest bidder at the auction with a winning bid of $630,000.00. (Id.). Pursuant to Local Admiralty Rule 7.05(r)(1)(B), the winning bidder at an auction for sale of a vessel "shall immediately deposit with the Marshal $500.00, or 10% of the bid, whichever sum is greater. Thereafter the bidder shall pay the remaining purchase price within three (3) working days." However, Mr. Taylor failed to pay the required 10% deposit on the day of the sale or thereafter. (Doc. # 33 at 2). Mr. Taylor's failure to pay the deposit is confirmed by a

process receipt form executed by the U.S. Marshal and filed on the record. (Doc. # 33-1).

Pursuant to Local Admiralty Rule 7.05(r)(4), "The person who fails to pay the balance of the bid within the time allowed shall be deemed to be in default. Thereafter a judicial officer may order that the sale be awarded to the second highest bidder, or may order a new sale as appropriate." Accordingly, on February 18, 2013, International Ship filed the instant Motion to Allow Sale of The M/V Caribe Sun to the Second Highest Bidder. The second highest bidder in this case entered a bid of $620,000.00 at the auction. (Doc. # 33 at 1).

International Ship does not request at this time for the Court to deem Mr. Taylor to be in default pursuant to L.R. 7.05(r)(4) or to enter any other relief against Mr. Taylor, but requests only that the Court enter an order directing the Marshal to sell the Vessel to the second highest bidder. The Court finds that a sale of the Vessel to the second highest bidder is appropriate under the circumstances of this case, given that the difference in the highest and second highest bids is only $10,000, and will avoid the Vessel continuing to diminish in value, the

accrual of further custodia legis expenses, and the costs of administering a new auction.

Thus, pursuant to Local Admiralty Rule 7.05(r)(4), the Court grants International Ship's Motion and directs the U.S. Marshal to sell The M/V Caribe Sun to the second highest bidder of the auction that took place on February 14, 2013.

Accordingly, it is hereby:

**ORDERED, ADJUDGED** and **DECREED**:

(1) International Ship Repair & Marine Services, Inc.'s Motion to Allow Sale of The M/V Caribe Sun to the Second Highest Bidder (Doc. # 33) is **GRANTED**.

(2) The Court directs the U.S. Marshal to sell The M/V Caribe Sun, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the vessel, to the second highest bidder at the auction conducted on February 14, 2013.

(3) Any proceeds of the sale conducted by the U.S. Marshal shall be paid into the registry of the Court so that the Court may dispose of the proceeds according to the law.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of February, 2013.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Parties and Counsel of Record