UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                         Case No. 8:12-cv-1651-T-33TGW

CARIBE SUN SHIPPING, INC.,
*In personam*; ATLANTIC CARIBBEAN
LINE, INC., *In personam*; THE
M/V CARIBE SUN, her boats, engines,
tackle, apparel, furniture,
equipment, appurtenances, and all
other necessaries thereunto
appertaining and belonging to
the vessel, *In rem*;

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff International Ship Repair & Marine Services, Inc.'s Motion for Distribution of Proceeds from the Sale of the M/V Caribe Sun (Doc. # 40), filed on March 20, 2013. For the reasons that follow, the Court grants the Motion.

**Discussion**

On July 24, 2012, International Ship filed a Verified Complaint In Rem based on the failure of Defendant Atlantic

Caribbean Line, Inc. to pay for ship repairs and services that International Ship provided to The M/V Caribe Sun (the "Vessel") pursuant to an agreement between International Ship and Atlantic Caribbean. (Doc. # 1). International Ship alleged that an amount of $807,440.26 was due and owing for repairs and services performed by International Ship to the Vessel. (Id. at 10).

The arrest of the Vessel, her boats, engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the Vessel, occurred on July 27, 2012. (Doc. ## 8-10). No verified statement of right or interest in the Vessel was filed within fourteen days of the August 15, 2012, public notice of this case and of the arrest of the Vessel. See Supplemental Rule C(6), Fed. R. Civ. Pro. (Doc. ## 10, 13). Despite being served with the summons and Verified Complaint In Rem on August 13, 2012, Atlantic Caribbean failed to plead or otherwise defend this action. (Doc. # 15).

Consequently, on September 11, 2012, the Clerk entered defaults against Atlantic Caribbean and the Vessel. (Doc. ## 17, 18). On November 20, 2012, the Court granted International

Ship's motion for default judgment (Doc. # 20), and default judgment was entered on November 21, 2012, against Atlantic Caribbean and the Vessel in favor of International Ship in the amount of $807,440.26 (Doc. # 21).

On December 3, 2012, International Ship filed a Motion for Sale and for Permission to Bid, requesting that the Court enter an order directing the U.S. Marshal to conduct a sale of the Vessel, pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule 7.05(q)-(r). (Doc. # 23).  On January 2, 2013, the Court granted the Motion for Sale (Doc. # 31) and also granted International Ship custodia legis fees in the amount of $162,878.00 (Doc. # 29).  On January 3, 2013, the Court entered an amended default judgment to include pre-judgment interest, costs and attorneys' fees in favor of International Ship in the amount of $856,987.64. (Doc. # 32). International Ship is therefore due $1,019.865.64.

The U.S. Marshal conducted an auction of the Vessel on February 14, 2013. (Doc. # 33 at 1).  Upon the highest bidder's failure to pay a 10% deposit on the day of the sale or thereafter as required by Local Admiralty Rule

7.05(r)(1)(B), the Vessel was ultimately sold to the second highest bidder for $620,000.00. (Doc. # 36). The U.S. Marshal filed a Report of Sale on March 5, 2013, which includes a claim for $10,066.76 by the U.S. Marshals Service. (Doc. # 36).

International Ship moved for a confirmation of the sale on March 11, 2013. (Doc. # 37). No objections to the sale were filed in the time prescribed by Local Admiralty Rule 7.05(r)(7)(A), and thus, the Clerk issued a confirmation of sale on March 15, 2013. (Doc. # 39). International Ship now requests the Court to order a distribution of the sale proceeds, with $10,066.76 to be distributed to the U.S. Marshals Service and the remaining $609,933.24 to be distributed to International Ship.

The Court finds that International Ship has complied with all preconditions necessary for the Court to order a distribution of the sale proceeds. In the absence of a dispute concerning disbursement of the funds, the Court directs the Clerk to disburse such funds as noted above, leaving no sum on deposit.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) International Ship's Motion for Distribution of Proceeds from the Sale of the M/V Caribe Sun (Doc. # 40) is **GRANTED.**

(2) The Clerk is directed to make the following disbursements of the funds in the Court's registry, leaving no sum on deposit:

$10,066.76 to the U.S. Marshals Service; and $609,933.24 to International Ship Repair & Marine Services, Inc.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Parties and Counsel of Record
          U.S. Marshals Service

-5-